May it please the court, my name is Adrian Rowe, counsel for Appellant Don Ball, and at this point in time I would like to move the admission of Ms. Amy Thompson. Ms. Thompson is a third year law student at Duquesne University Law School and has satisfied the requirements under Rule 46.3. Excellent, thank you Mr. Rowe. No objection? There being no objection, Ms. Thompson's admission is granted. May it please the court, my name is Amy Thompson, and I am here on behalf of the Appellant Don Ball. At this time I would like to reserve three minutes for rebuttal. That's fine, thank you Ms. Thompson. The central issue in this case is whether the form complaint used by Don Marie Ball was sufficient to shift the burden to her to prove exhaustion of administrative remedies, and for two reasons we submit that it does not. Foremost, under this court's holding in Ray vs. Kurtz, and under the Supreme Court's holding in Jones vs. Block, it is always upon the defendants to plead and prove exhaustion of administrative remedies. Of course, Ms. Thompson, the problem is that there was a checkoff box which asked her if she had exhausted administrative remedies, and she acknowledged that she didn't, and it was an ambiguous admission. The six written pages attached to her form complaint showed inferences that she was being obstructed in her ability to complete the grievance process. Is that like a, whoops, I made a mistake? Not at all. Basically she had an excuse for not exhausting administrative remedies. She exhausted all remedies that were available to her, that is correct, because she was precluded and interfered in exhausting remedies beyond that point. And under the holding in Mitchell v. Horn, remedies are not available to a prisoner if the prison is interfering or obstructing the ability of the prisoner to exhaust their remedies. That sounds like a futility argument. No, that's not futility. Futility is different. So the argument is, I did not exhaust because I was prevented from exhausting. Yes, and futility is different because the prisoner blatantly admits, I did not exhaust because in most cases I can't get money from the prison in the grievance process. How was she prevented from exhausting remedies? In several ways. The inferences made in her complaint show foremost that at some time she may not have been provided pens to be able to write in the grievance process. Furthermore, she states that she is being placed in... Now, was the deprivation of the pens and writing equipment prior to her filing a complaint in this case? No, I do not. Oh yes, yes, prior to filing her complaint and then times going forward as well she submits that she was not able to, or she alleges that she was not provided pens and paper and sometimes even grievance forms themselves. But she was provided equipment to write in order to file a complaint in federal court. That's correct, at some point she was. But that doesn't mean that at prior times she was prevented in the grievance process from taking the next step. She was put into a psychiatric housing unit directly after the alleged events took place. In that unit, certain things are taken from you and that includes pens and papers. She also submits at times that she didn't even have a mattress. So the simplest of things were taken from her such that she was not able to fully exhaust her administrative remedies. I would also submit that... Did she ever attempt to exhaust her remedies after she filed suit in the district court? I believe that she did try to go for it, but here's the thing. There was an investigation conducted. She made an oral complaint and then an investigation was conducted by the prison on this exact issue. That investigation was found not in her favor and there's at least one case in the Second Circuit that says that the purpose of the PLRA, which is to provide the prison an ability to address the merits of a claim, to have notice of the merits of a claim, that is satisfied once an investigation has taken place and have been found not in favor or without merit basically on the part of the complaint. Do you have any case law support for the idea that we can excuse the non-exhaustion of administrative remedies because the institution doesn't provide writing equipment? No, not exactly on writing equipment, but that's not her only claim. It's writing equipment, grievance forms, and the fact that her mail was taken from her, everything was taken from her. She was unable at that point to sustain the ability to go forward in the grievance process. All of this occurred prior to her filing this complaint in federal court? Absolutely. Well, I believe that she started to take some steps and then the rest of the steps she was unable to complete. The case law... I'm not sure about the facts there. She said that she was unable to follow through on her administrative complaint and that was in March? But in April, one month later, she was able to file a suit in the district court. Doesn't that indicate that she had the facilities available to file an appeal in the administrative hearing as well? I would not submit that that's the same. If she wasn't provided grievance forms... I have difficulty hearing that. I'm sorry. If, as she alleges in letters to the court later on, she was not provided grievance forms themselves, that would not be the same as being able to file a lawsuit to the court. If she doesn't have the forms to go through the process, then she is in effect obstructed. Can't she simply file a letter or a piece of paper saying, I want to finish up my administrative remedies? I think that she tried to. She alleges that the prisoners were preventing her and that she was being And I also want to get back to the form itself. Upon the form complaint that she was asked, well, she had the opportunity to submit this form complaint and upon it is a check box that asks if she had exhausted her administrative remedies. Now which form are we talking about? We're talking about the complaint form that was submitted to the district court. That's correct. Well, do we have a copy of the form that she would file in the administrative proceeding? No. And that's because the prison has not provided us anything. Pardon me? The prison has not provided the district court or us any of those forms. Did you ask the prison for it? Yes, we did ask for the form. And they did not comply with your request? They denied our request. And they were not submitted to the district court as well. Don't you think that would have been a helpful thing for your cause if the prison knew that there was a problem and didn't cooperate with you or the plaintiff? Certainly. And I think it would also go in accordance with the law under Jones versus Bok. The United States Supreme Court says that the prison is in the best ability to prove exhaustion of administrative remedies. Was this alleged obstruction part of your complaint in the federal court? I mean, she checked off the box saying I exhausted administrative remedies. But did she also say, and by the way, they wouldn't give me the forms necessary? Well, here's the thing. I think that under the ruling of Jones versus Bok, she is not required to do that at all. And certainly, if you're looking at the procedure of things, this is just a complaint. An affirmative defense hasn't been raised yet. So how can she then proactively, as just a pro se litigant, think this is the defense they're going to raise, and I'd rather start defending it in my complaint? Her sole purpose in filing that complaint is merely on the merits of her case. But instead of saying I exhausted all administrative remedies, she could have said I could not have exhausted administrative remedies because I wasn't given the proper forms. It's the because that's very important. There's no room for an explanation under that question. It's yes or no. Her only room to explain, if she's required to do so at all, which I submit that she is not. We have to hold her to a lesser standard just because she is a prisoner in prison litigation? A lesser standard in reviewing her complaint. Certainly, any inferences that can be drawn from her complaint, and here we have inferences of obstruction, should have been drawn from that complaint to assist her. But I submit that the complaint isn't even the proper place where this should be taking place procedurally. This should be in an answer later. Once the available, number one, and then say here they are. Here's the forms that the prisoner submitted to us. She hasn't completed them. And then it would be upon the prisoner to answer to that. Was this information presented to the district court or is it your brief on appeal that for the first time we learn of the obstruction of the prisoner? No, I would definitely submit that the district court was well aware that she was being aware because of what she said. She didn't have counsel at the time. She did not have counsel, but she sent several letters to the court where literally it's big letters underlined, I am being obstructed. I think this court was, the district court was aware. Was she referencing the complaint that we're now looking at? Because she has a number of cases in the district court. Certainly. Or was she referencing future cases? No. Or pending, other pending cases? No, when she was filing these letters, she was referencing this case. So when she says, I am being denied, she sounds like she's talking in the present tense. Did she say something like, I could not exhaust my remedies because I was not given? I mean, she doesn't state that particularly, I did not exhaust my remedies because such and such. But she does state that she was not providing grievance forms. And I think that was in a letter later on to the court, that she was not provided pens and papers at certain times. When she was in the mental health unit, she was not provided access to certain things that other prisoners may have access to. But I believe... What are you asking us to do? Basically, I think that this form should not contain this question. It would help if you would speak in my language. I'm sorry. This form should not contain this question. Or if it does, continue to ask the question. No, the question I asked you was, what are you asking us to do? We want to have this case reversed and remanded for further discovery on whether Dawn Ball was obstructed in her ability to exhaust her administrative remedies. And I'd also like this court to find that this form should not be upheld. No, I ask you a very direct question. What are you asking us to do? What should our disposition, our judgment say? It should basically say that this case should be reversed and remanded for further discovery. And it should what? Be reversed and remanded for further discovery on the matter of whether Dawn Ball was obstructed. All right. And suppose the district court does that and holds a hearing and say, yes, she did everything she could to exhaust the remedies. Now what happens? Now she should have discovery on the merits of her case. What, what, what? She should have discovery in regards to the merits of her case. Well, wait, wait, wait, just hold on. The court finishes up and the district court says, well, you're excused in complying with the exhaustion of administrative remedies. Now, isn't there pending in the district court a motion to dismiss because the plaintiff did not set forth a cause of action? And that would be separate from this particular issue. So the district court then has to look at the motion to dismiss. Um, the district court has already looked at it though. No, no, no. You still have to talk into the microphone. Sorry, I'm doing my best. When you go back to the district court, you get past the first hurdle perhaps. Right. And then the second hurdle is you have a motion to dismiss before you get to the merits of the case. Correct? That's correct. All right. Now, suppose that the district court looks at that motion to dismiss. And it also looks at the fact that this woman has about nine cases that she's filed in the district court. There are about six or seven of them appeals in our court. When are we ever going to resolve her problems? Well, I believe that she, this was one of her early cases and possibly the first. You're still not talking. Okay, this was one of the early cases and perhaps one of her first cases that she filed. So I believe that once this case was dismissed, she took retaliatory action. She kept filing and filing. She's looking for an answer that she was not given. What should we tell the district court to do? Here the court has, she's a frequent filer, as we call them. And a lot of these cases seem to overlap. Are we doing the right thing by simply saying, look at this particular case, and all we're telling you to do is to have a hearing on whether the administrator remedies were exhausted. And once you do that, you still have eight or nine cases pending there. But I don't think the issue of exhaustion... Pardon me? I don't think there is an issue of exhaustion of administrative remedies in those other cases. Are we limited to saying what the issue of exhaustion is the only matter that we should consider at this time? I think it's the central issue to this case. To this case, yes. But does it resolve the problem in the district court? Look at it from the standpoint of the district judge. Right. Here's a complaint in one case. We sent it back, a little nitpicking opinion. And what's the district judge to do now with the other nine cases pending there? I'm not sure. I mean, I'm not sure if that's necessarily relevant to this issue, what the district court is supposed to do with the other cases. Do you think that that's anything we should consider? I mean, possibly it is. But I think the merits of this case should be heard if, in fact, she was obstructed in her efforts to go through the review. But I'm trying to say the merits of this case are a very small sliver of the litigation the court has to deal with. Well, if the cases otherwise are not valid, then of course they should not go forward. And the other defenses can be raised to those cases. But in this, I believe that the defense that was raised should not have been enough. You keep coming back to the little sliver. Right. Because I just feel that that's the... Should we stick to that little sliver, or should we look at the whole problem? I think that little sliver here is a very large problem. This could be any prisoner filing such a case and saying, I'm being obstructed, but, you know... So you don't think we should really look at the whole problem? Well, certainly I would expect you to take into account this entire problem. But as far as the merits of this particular case, if she attempted to exhaust, those merits should be heard. That's due process. One of the things she asked for was a lawyer in the district court. Should we look at that point now? Absolutely, because I feel that with the lack of an attorney, she was unable to properly raise this exception to the rule. The court looked at no cases beyond the year 2000 where this development of an excuse to exhaustion being obstruction was available. This Mitchell v. Horn was a 2003 case, but the lower court only considered cases before that, including the Burns case. So I would submit that it was very important that she did not have a lawyer appointed to her. Is there time for rebuttal? Yes. Just one question. Your client was not required to use a printed form, was she? I don't think that she was required, but... In other words, she could have used her own complaint. But I think it's commonplace of the prisoners to use this form. I mean, they're pro se. They have no idea what they're doing in the system. So if they're provided that opportunity to use that form, they're seeing it as an opportunity to raise the merits of their claim. Thank you, Ms. Thompson. Thank you. Mr. Norton. Thank you, Your Honor. May it please the court, my name is John Norton. I'm with the Pennsylvania Attorney General's Office, and I represent all of the appellees except for the medical people, Familio and Himmelsbach, who are represented by my friend, Ms. Kenyon, here. Your Honor, as you probably know, our prison system has a three-stage grievance process, where you file a grievance with the grievance officer. If you don't like the response, you then can appeal that to the superintendent of your institution, and then finally to the Secretary of Corrections' office in Harrisburg. In this case, we move to dismiss the complaint, because in the complaint itself, Ms. Ball alleged that she had indeed invoked the grievance process, but had not pursued it to completion. And despite what my friend, Ms. Thompson, has just said, there is nothing either in the complaint or in the subsequent filing with the district court that undermines those allegations or made it erroneous to rely on them. Now, in some of the cases that she filed after this one, she did exhaust administrative remedies. Should you have told us about that? To tell you the truth, Your Honor, I'm not aware of the details of her other lawsuits. You pardon me? I'm not aware of the details of what's going on in the trial court in her other lawsuits. Shouldn't the Commonwealth of the Defendants have looked to her records? I mean, this is a frequent filer. A lot of matters of public records that should have been consulted, should they not? I think it was adequate for us to rely upon what the plaintiff herself said in her complaint. There's certainly nothing procedurally improper. Would you speak into the mic, too? I'm sorry.  Even where you have an affirmative defense, where the complaint itself makes it clear that the complaint is vulnerable to that defense. Get back to the point that I raised with your adversary. Should we do simply nothing other than look at this little sliver of the litigation, or should we look at the broader picture of the 10 or so suits that she's already filed that are clogging up the system? Well, I think, Judge Weiss, that as the Court of Appeals, you're pretty much limited to the case and the issues that is in front of you. And I think that dealing with what you call the larger picture of her lawsuits, I think that is a case management matter that is better dealt with by a district court in terms of whether cases ought to be consolidated or streamlined or what have you. I, with all due respect, I don't think that is something that this court is best suited to do or that you ought to do. Should we suggest any case management procedures to the district court? I suppose if you have anything in mind, you certainly can. I find that district courts are usually pretty well attuned to what's needed to control their own docket, but I'm sure the district court would be happy to have any suggestions that the court might care to make. In Ray versus Curtis, we had discussed the reasons why exhaustion is an affirmative defense to be established by the defendant. And among the reasons are it's considerably easier for prison administration officials to establish exhaustion. But what the prison officials did in this case is use a complaint, a formal complaint, in which they have a checkbox. Doesn't it, isn't that essentially shifting the burden of proving exhaustion to the defendant rather than leaving it where it should be with the prison officials? No, not at all, Judge Fuentes. What would be shifting the burden would be if the district court had looked at the complaint and sua sponte dismissed it, but that didn't happen here. We raised it. We raised it in a motion to dismiss, which under Jones v. Bach and I believe Ray itself is entirely proper for us to do. But would not the appropriate action in the district court be to convert this to a motion for summary judgment, allow some discovery or some other information gathering to see if indeed this was factually available to her or if she was prohibited from some fashion? Well, that's a possible course of proceedings, but if the complaint itself is clear on its face, then it isn't necessary to do that. Let me talk a little bit about the obstruction allegation. I think it's very important, very important to keep in mind or to pay attention to exactly when things happen and when they are alleged to have happened, because I believe my friend Ms. Thompson has misunderstood some of the timelines in the record. For example, Ms. Ball in her complaint complains about a series of events that began on January the 23rd and ended on February 28th. Three days later, she signs her complaint to the district court. And what that tells me is that the status of her grievance procedure is exactly what you would expect it to be from her complaint, that the grievance has been filed but not pursued to completion because she couldn't possibly have exhausted the administrative remedies within those three days. As to the obstruction, what we have is a letter to the court or some kind of filing to the court. She files her complaint in March. In November, she tells the district court that she is at that time being denied grievance forms. How much time elapsed from the date of the event until she filed the complaint? Three days, Your Honor, from the last event mentioned in her complaint. How about the first event? About a month. Could you complete entirely, ordinarily, the grievance process within a one-month period? No. Did you say three months or one month? One month. One month. Yeah. Now, ordinarily, I mean, I suppose it's literally possible, but no, ordinarily, it would take much longer than that. To complete the process, you have to go through all three steps. Sure, yeah. Only when you get past, did you say the superintendent? Once you get past, you go to the grievance officer, the superintendent, and then to Harrisburg. And that's the last. You have to go there or exhaust that possibility before filing a complaint in court. That's correct. And that, you're saying, ordinarily takes more than 30 days? Oh, sure. At each stage of the process, there is at least a two-week period either to respond to the grievance or appeal or to decide whether to take it to the next step if you're the prisoner. So your point is that she couldn't possibly have exhausted it anyway? Certainly couldn't have exhausted it in three days. So what you would expect. But nonetheless, I still want to go back to that checkoff box because I think you're still, the responsibility of proving lack of exhaustion lies with prison officials. Correct. It's an affirmative defense. Correct. But what you did in this case is you asked the plaintiff to prove what is my defense by putting that checkoff box in, asking, did you or did you not exhaust? Well, that is simply what the form asks the prisoner to do. If the prisoner chooses not to use a form, I've certainly seen cases where that happens. In other words, she could have ignored the box. Sure, sure. And I think, and I'm not. And then her case would go forward. Her case would have gone forward. But if she does choose to put that information in her complaint, and if it shows that the complaint is vulnerable. But she doesn't know. I'm sorry to cut you off. She doesn't know that she has the option of just ignoring that box, right? I couldn't say what she knows. But, you know, I have to say that I don't see that asking for that information as a problem. I mean, the information is going to come out in any event, whether she exhausts or she didn't exhaust. All that's going on here is affecting the timing of when it's going to come out. And I don't see that. It seems to me that if you haven't exhausted your complaint, you have no business being in court. And the sooner everybody finds that out, the better. If I'm not sure about this point. At the time she filed her complaint in the district court, had the exhaustion period expired? No, it couldn't possibly have. She could have filed further appeals in the administrative appeal? She would have had to. Pardon me? She would have had to have filed. There's no time limit on getting it. Oh, I see what you mean. Pardon me? No, at the time she filed her complaint, we're assuming that she had. No, I'm talking about the administrative appeals. Right. At the time she filed her complaint, we're assuming that she had already filed at least one case. Yes, I understand. My question really is this. Could the prison authorities have taken a copy of the complaint filed in the district court and sent it to the administrative panel to review, saying this is a complaint that she wants to appeal her administrative rule? I suppose they could have. That is not the procedure the department has adopted. Well, that doesn't mean the department couldn't do it. I mean, common sense couldn't. Well, the rules of the department require that you initiate a grievance using a grievance form. Yeah, so compounded by the rigidity of the administrative process rather than solving the problem. I suppose one could look at it that way, but we have a huge system and we have to have some kind of procedure to follow or we're going to have chaos. I'd like— Sometimes following procedure, we get more chaos, don't we? If you can indulge me for one second, I would like to address the issue of the pens. This, again, is an allegation that is made many months later. In September of the year she filed the lawsuit, she says, for the past several months, I haven't had any pens. But she filed her lawsuit, which was immediately after her grievance was filed. Obviously, she had pens because there was a steady stream of violence with the district court. So I think the obstruction claim is completely groundless when you look at the timeline of when these things are supposed to have happened. What we have left here, in essence, is sheer speculation that if you reverse and remand, now let's go back to the district court, maybe something will turn up. And I just don't think that's enough to reverse the district court on this record.  Thank you, Your Honor. Ms. Kenyon? Officially, good afternoon. May it please the court. Katie Kenyon on behalf of the remaining appellees, Dr. Fumiglio and PA Himmelsbach. I pick up essentially where my colleague has left off. We filed a motion to dismiss, raising as an affirmative defense the failure of Ms. Ball to exhaust her administrative remedies and secondarily put forth in our motion in supporting brief that she had failed to state a claim of deliberate indifference. She had alleged as to Dr. Fumiglio and PA Himmelsbach that they failed to provide appropriate medical treatment to her during this escapade that she has outlined in her complaint from January 23, 2008 through as to my client's February 6th. If the district court dismissed the complaint on exhaustion grounds or failure to exhaust, it never got to the merits of the complaint? That's correct, Your Honor. According to the district court's opinion, it did not reach the merits of the remaining arguments that I had raised in my motion to dismiss on deliberate indifference. All right. So we can't address that issue? I think that you can look to that issue and that goes to some of the points I think Judge Weiss was making earlier. But it wasn't ruled upon by the district court? It was not ruled upon. So what would we be addressing on appeal? Addressing the arguments that I raised in my appellate brief and also set forth in our notwithstanding the exhaustion argument, Ms. Ball has failed to state a claim and there will be no need to send this back to district court. As to the timeline, as Mr. Norah aptly pointed out, the allegations in the complaint, which we must accept as true, it cuts both ways, do not indicate that she was ever denied a grievance form, do not indicate that she had even requested a grievance form, do not indicate that she was denied pens. The allegations refer to her losing mail for an approximate 19-day period. If you look at the time requirements of the grievance process, she has 15 days to file her first level, 10 days to file her second level, and an additional 15 days to file to the Secretary's Office of Inmate Grievance and Appeals in Harrisburg. That's 40 days for her having a time period. That doesn't even take into account the time that it would have taken for the grievance officer, the superintendent, and then Harrisburg to review the grievance, the response, the other filings, and make a decision. Clearly, Ms. Ball was accurate when she indicated in her complaint that she had not completed the grievance process because she simply had not had enough time to do so. There was no obstruction here. It was her choice to use that form complaint. It was her choice to complete it in its entirety, and I note for the court, if you look at the It asks, have you filed a grievance? There's a place to check yes. There's a place to check no. If no, explain why. And it offers two blank lines, which in this case, Ms. Ball chose to leave blank and not offer any explanation. Well, it's the same question I asked Mr. Noor. It is an affirmative defense. It's something that you have to plead and prove. But here, there's a form that asks the plaintiff, the prisoner, who is not counsel, to admit to what you're supposed to prove. No doubt it's an affirmative defense. I think Jones v. Bach said that quite clearly. However, the case law is equally as clear that when a complaint is facially deficient and on its face cannot withstand any level of scrutiny, then a motion to dismiss is the appropriate procedural mechanism, which all the appellees filed in this matter raising the issue. There's no shifting of the burden. In essence, it is what it is. OK. In your motion to dismiss, did you ask for relief based on the failure to exhaust remedies? Yes, Your Honor. I asked for dismissal. I also asked for a 12B6 order based on failure to state a claim against the medical defendants. Yes, Your Honor. The entire motion was premised on Rule 12B6 for failure to state a claim. And included within that was the argument that she had failed to exhaust her administrative remedies and also failed to state a claim of deliberate indifference. I believe as to my motion to dismiss, Ms. Bach has claimed in her appellate brief that she never received our supporting brief. And therefore, was not on notice that this was an argument raised with the court. She did claim that she received the actual motion to dismiss, both of which would have been in the same envelope mailed to her. I will note that the motion to dismiss references a supporting brief and that Ms. Ball made no attempt to contact my office to ask for a copy of the brief or inquire what the brief would have stated. In her response to the motion to dismiss that she filed as to Dr. Famiglio and PA Himmelsbach, she does not try to articulate or explain why she failed to exhaust her administrative remedies. Thank you very much, Ms. Chaney. Rebuttal, Ms. Thompson. Well, I think I've learned more currently about the process in the prison that I had before. This is the most that I've heard. Nothing has been produced. Nothing was produced in the district court. Everything that they're stating as far as timing are fact issues. They're merely... Oh, I don't know about that. Why is the procedure for exhausting administrative remedies a factual issue? Well, it should... Have very specific dates during which a prisoner has to file a grievance and appeal. As far as what is available. That is correct. There's a couple issues here. But that's not factual. It doesn't sound like it's... Mr. Knorr laid out the procedure. I mean, I don't think he gets it off the top of his head. It's probably a written procedure that is within the prison regulation. But it's speculation as to what she could and could not have possibly gone through through those steps. And I think that everything that they have stated basically is speculation as to what she could and could not have gone through. This all goes back to the fact that it's an affirmative defense. There should have been documentation. Sure, state this is the procedure you need to go through, but then show that she did or did not go through it. And let's get back to that complaint form again. There's a reason that she never raised an issue of the fact that she had or had not been obstructed. And that reason is that she did not have to. Jones versus Bach and Ray versus Kurtz make it very clear. The prisoner does not have to at any time raise the affirmative defense, of course, of exhaustion nor defend that defense. They don't have to answer it. At the complaint stage... Yeah, that's true. But it hasn't been raised. She doesn't have to answer it, but the problem is she did. And she said, I have not exhausted it. No, I mean, she doesn't have to defend why she stated that she did not exhaust. Because, you know, Jones versus Bach and Ray versus Kurtz make it clear. She doesn't have to bring up that issue or defend it. The problem is that the court can't ignore it because the court is looking at a complaint that says, I did not exhaust administrative revenues. What is the court to do in the face of an admission that a threshold issue has not been resolved or satisfied? Well, I submit the admission in itself was misleading the prisoner. And this admission in this case is clearly ambiguous. She's got six additional pages where she does say, I think I might have had pens, but then later in letters to the court said, I did not have pens. I did not have grievance forms. I'm being obstructed, underline, underline. I think all of that makes it very clear as inferences that she was being obstructed in her efforts. I don't think this needed to come out in the complaint form. I think it was proper procedure. And if under the law, she was given a warning. If you answer this, you have to explain. And I would disagree with what the defendant had just stated about her ability to explain. That is not the case. Have you filed a grievance concerning the facts related to this complaint? She states, yes. That's where she's given room to explain. Under that, is the grievance process complete? No. No room to explain. It's the end of the page. She has no room to explain. She's provided no warning at answering this question. First of all, that she doesn't have to answer the question under the United States Supreme Court holding. And second of all, if she should answer this question, she needs to explain why. Or if she was obstructed in her efforts or any other viable defense. This is not an insurmountable barrier. It is a barrier that can be overcome. By the exception to the rule. Very good. Thank you. Thompson, thank you very much. Very well presented arguments on both sides. Very, very helpful. We will make a recess. Thank you very much.